Any rabbits in the hat, or is this a normal case? Well, this has got some twists and turns to it, I think Judge Trott. Mr. Wongso is a 56-year-old Indonesian citizen. He's ethnic Chinese. He's a Buddhist. He claims the protected grounds of ethnicity and religion. We submit that the overriding issues in this case are the timely filing rule for asylum, credibility, and substantial evidence. I have a real problem finding that his asylum claim was timely, so you better quickly try to persuade me otherwise. Yes, Your Honor. We believe it was timely because of the changed circumstances in Indonesia, specifically the May 1998 riots and the November 1998 riots. And those were specifically referred to in the assessment to refer, which the government submitted as an exhibit in this case. And the asylum officer specifically relied on that exception to the one-year filing deadline rule and found that he had filed within a reasonable time of the changed country circumstances in Indonesia. On that issue, as related to the due process challenge, because normally this court does not have subject matter jurisdiction on the one-year filing deadline rule, our challenge is an as-applied due process challenge. Simply put, the immigration judge did not conduct a full and fair hearing on the one-year filing deadline issue in this case because he did not consider in his decision the government's totally contradictory evidence and position that the applicant satisfied the changed circumstances exception to the one-year filing deadline rule. Now, if maybe this should be transferred to the district court as an habeas case? Well, Your Honor, we do have some issues as to credibility and also substantial evidence. This could also be looked at as a withholding and removal case, I believe. But we believe that the court does have jurisdiction certainly to entertain a constitutional challenge here. That is the as-applied due process challenge that we've made in this case. And to state it another way, we believe that intrinsic to the due process concept of a full and fair asylum hearing is the necessity for the adjudicator to consider critically important evidence in the decision, particularly evidence introduced by the government that contradicts the government's litigation position and benefits the asylum applicant. Refer specifically to administrative record page 214 for the assessment to refer. Well, theoretically, Congress has removed our capacity to second-guess a finding that the one-year period has expired. Well, Judge Fletcher, that is a statutory preclusion, of course, and we're making a constitutional challenge. So the Constitution trumps the statute is our position in this case. If somebody has jurisdiction. How do you distinguish Hakeem? Didn't we address that in Hakeem? Judge Fisher, I believe that, as far as I can tell, was an attack on the statute itself. This is an as-applied due process challenge to the decision. The judge should have considered the contradictory evidence of the government. The asylum office found he satisfied an exception to the one-year rule. The judge didn't consider that in his decision. Therefore, this is an as-applied due process challenge. Was it brought to the judge's attention? Your Honor, we were not counsel in that case. None of the law firm was. We brought it up definitely on appeal to the BIA. But it was not brought to the attention of the IJ? Not to my knowledge, Your Honor. And no wonder it wasn't considered. Well, we brought it up properly on appeal. We handled the – excuse me. I take that back. The prior law firm brought it up – excuse me. The prior law firm filed the appeal. We filed the petition for review. No, I take that back as well. They filed the petition for review, and we filed a brief. I believe it was more or less preserved in the record. We at least brought it up. More or less. Well, Your Honor, I should be more definite, and I will be more definite. The assessment to refer is clear. We believe there is a due process challenge, and we believe the court has jurisdiction on that issue. We'll hear from the other side. All right. Thank you, Judge. Thank you. May it please the Court, Jeff Wadsworth on behalf of the Respondent. With respect to the jurisdictional issue, 1158A3 of Title 18 would clearly deprive this court of jurisdiction of the asylum claim. I think the due process argument, as Your Honor has pointed out, was not, or the assessment referral memo was not brought to the attention of the immigration judge. The immigration judge was by no means bound by an asylum officer's referral memo. And the only purpose that assessment referral memo was introduced into evidence at all was for impeachment purposes by the government on the grounds that testimony that was presented in the immigration judge's court hearing by the petitioner had not been presented in his interview to the asylum officer. And so that was the only purpose for the assessment referral memo being in the record at all, was purely for impeachment purposes. But if it were inconsistent with the country report and all of that, I mean, this whole thing about the May riots appears in a lot of these cases. And there's this degree of difference as to whether this was an event that was a sort of a peak of anti-Chinese activity that has diminished or whether it's subsided somewhat but it's still there. So doesn't that sort of put pressure on the system to sort out, at least on an individualized basis, whether there's a reasonable basis for the particular individual? Just to be clear, the immigration judge did consider that testimony. First of all, in September 1999, initial hearing in which the petitioner in this case entered his appearance, he was informed by the immigration judge that this was an issue in a case that was going to need to be addressed at the court hearing that was scheduled a year later. So he was clearly on notice that this was an issue. At the December 2000 hearing, he presented testimony, and he presented that precise grounds for a changed circumstance was that the May 1998 riots changed things in Indonesia. Even still, he didn't file his application for asylum until July of 1999, 14 months after that. And this was all discussed in the immigration judge's decision. He considered that issue. He determined that it did not excuse the late filing. And this Court is now without jurisdiction to say otherwise or to consider that issue. And with respect to the ---- Well, I think, no, and for a couple of reasons. One is that there are ---- in the Hakeem case, for example, there was a due process argument raised in that case that the Court still found that it didn't have jurisdiction to consider. But even beyond that, the due process argument is that there is a constitutional objection to that. And that the court's decision to consider that argument is really simply a dressed-up attack on the 1158A2 determination. There's no colorable due process claim here at all. And that was ---- that's consistent with the case, the Torres-Aguilar case that we cited. If there were a colorable due process claim, could we hear it or should we send it to the court? Why? Because I'm not aware of any case law that would require this Court to entertain a due process challenge where the basis for this Court's jurisdiction is nonexistent. But wait a minute. That's ---- you're begging the question. The question ---- you're relying on the statutory bar. But the theory here is that we still retain jurisdiction to review constitutional violations. Even in the hypothetical, there is a colorable constitutional violation. You're saying we're still barred by the statutory bar? I think unless there were potentially perhaps raised in a habeas context, which hasn't been ---- Well, that's what I think Judge Fletcher would ---- I understand. But that hasn't been offered by the Petitioner. He hasn't suggested in his brief that that's an avenue that he's looking to pursue at this point. Don't hold your breath. Again, I mean, I think the Hakim case, the Molina-Estrada case that we cited in our briefs would prevent this Court from entertaining jurisdiction. I think on the due process argument, the Aguilar-Torres case, which we cited in our brief, I think that's a very colorable argument. He's not presenting to a due process argument. And it is not a colorable due process argument. He had a full and fair opportunity to present his case before an impartial judge. And there is no discernible due process right that we believe he's raised in his ---- in his brief. Do you have anything else you want to tell us? I think that's it.  Thank you. Do you have any response? There's no dispute that the immigration judge is not bound by the assessment to refer. These are de novo proceedings. That's clear. Also, the Board of Immigration Appeals cannot consider constitutional issues. And that's clear. We believe this Court can consider the constitutional issues. The Court has said that the due process clause of the Fifth Amendment requires aliens threatened with deportation. They are provided a right to full and fair hearing. Cotaccio v. INS. Doesn't it have to wander around by way of habeas if you're going to bring this kind of a claim? Your Honor, I don't believe so, since this Court has on prior occasions considered constitutional claims arising from the former deportation proceedings, now the successor to those proceedings. I think we have in many cases, but it's not in cases where we have been deprived of capacity of jurisdiction to hear the subject matter. I think we commonly think that can be raised on habeas, and that goes first to the district court, then comes up to us. Thank you, Judge. Thank you both. The case to target is order submitted. We'll call Widget Tsurikatamono v. Ashcroft. Well, in this case, Your Honor, the petitioner is a single 28-year-old Indonesian citizen. He is ethnic Chinese and a Christian, and he claims to protect the grounds of ethnicity, religion, and imputed political opinion. The main issue as we see it in this case is whether a reasonable adjudicator would have denied asylum on the record. At the outset, we would like to rebut an assertion that was made in the government's answering brief at the top of page 9, summarizing the background materials submitted by the petitioner on country of origin. Thank you.
judges: B. Fletcher,trott, Fisher